[No. G041781. Fourth Dist., Div. Three. Mar. 30, 2010.]

FULLERTON REDEVELOPMENT AGENCY et al., Plaintiffs, Cross-defendants and Respondents, v. SOUTHERN CALIFORNIA GAS COMPANY, Defendant and Cross-complainant; UNION PACIFIC RAILROAD COMPANY, Cross-defendant and Appellant.

## COUNSEL

Randolph Cregger & Chalfant, Joseph P. Mascovich; Barg Coffin Lewis & Trapp, John F. Barg and R. Morgan Gilhuly for Cross-defendant and Appellant.

Rutan & Tucker, Richard Montevideo and Peter J. Howell for Plaintiffs, Cross-defendants and Respondents.

## OPINION

**FYBEL, J.—**

### INTRODUCTION

The Fullerton Redevelopment Agency and the City of Fullerton (collectively, Fullerton) sued Southern California Gas Company (SoCal Gas); Fullerton claimed damage to property it owned was caused by hazardous waste contamination. SoCal Gas cross-complained against Fullerton and Union Pacific Railroad Company (Union Pacific) for contribution and indemnity. A department of the State of California issued a remedial action order requiring Fullerton, Union Pacific, SoCal Gas, and others to clean up the same property.

Fullerton and SoCal Gas entered into a settlement agreement, and the trial court determined that the agreement was a good faith settlement, which would bar any claims for contribution and indemnity against Fullerton by any joint tortfeasors. Union Pacific appeals, arguing the good faith settlement order could not bar claims it might bring against Fullerton under Health and Safety Code section 25363, a provision of the Carpenter-Presley-Tanner

Hazardous Substance Account Act (Health & Saf. Code, § 25300 et seq.; HSAA), which permits contribution and indemnity claims by parties who incur costs to comply with remedial cleanup orders.

■ We hold that the good faith settlement agreement between Fullerton and SoCal Gas bars any claims against Fullerton for contribution and indemnity asserted by Union Pacific under Health and Safety Code section 25363. Therefore, we affirm the trial court's order. We publish this opinion to clarify the applicability of the good faith settlement principles outlined in Code of Civil Procedure sections 877 and 877.6 to the statutory right to contribution and indemnity created by Health and Safety Code section 25363.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 1998, Fullerton acquired property (the property) from Union Pacific. Before Fullerton was able to complete its development of the property into a city park, it learned that the property was contaminated with several hazardous materials, which had been deposited on or had migrated onto the property. Fullerton sued SoCal Gas in November 2005 for injunctive relief and damages. SoCal Gas filed a cross-complaint for contribution and indemnity against Fullerton, Union Pacific, and Service Roofing Company.

In June 2007, the California Department of Toxic Substances Control (the Department) issued a remedial action order regarding the property. The order listed Fullerton, SoCal Gas, and Union Pacific (among others) as potentially responsible parties (PRP's) for the cleanup of the property.

In September 2008, Fullerton and SoCal Gas executed a settlement agreement resolving "all disputes between them arising from" the complaint and the cross-complaint. Under the terms of the settlement agreement, SoCal Gas agreed to perform all removal work specified in the Department's remedial action order. SoCal Gas also agreed to pay Fullerton (1) $800,000 if SoCal Gas obtained from Union Pacific a full release of Union Pacific's contribution, indemnity, or apportionment claims against Fullerton, or (2) $1 million if a full release was not obtained from Union Pacific.

Fullerton then filed a motion for determination of a good faith settlement, asking the trial court to find "that Fullerton is to be discharged from all liability for any contribution to any other party [citation], and that all other alleged joint tortfeasors or co-obligors are barred from bringing any further claims against Fullerton 'for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.' [Citation.]" Union Pacific did not contest the good faith nature of the settlement, but argued in opposition to the motion that the settlement could

not bar Union Pacific's potential claim for statutory contribution and indemnity against Fullerton under Health and Safety Code section 25363. The trial court granted Fullerton's motion in a written order reading, in relevant part, as follows: "The proposed settlement agreement . . . is deemed a good faith settlement for all purposes, including the application of Code of Civil Procedure ('CCP') sections 877 and 877.6. [¶] . . . Pursuant to CCP section 877, [Fullerton is] hereby discharged from 'all liability for any contribution' to any other party, person or entity. [¶] . . . Pursuant to CCP section 877.6, all claims against [Fullerton] 'for equitable comparative contribution, or partial or comparative indemnity, based upon comparative negligence or comparative fault,' are hereby barred, including, but not limited to, any such claims that may be brought under Health & Safety Code section 25363 or under any applicable common law."

Union Pacific's petition for a writ of mandate was summarily denied by this court. This appeal followed.

## DISCUSSION

Whether the trial court's determination of a good faith settlement under Code of Civil Procedure sections 877 and 877.6 bars claims for contribution and indemnity under the HSAA is a question of law, which we review de novo. (*Willdan v. Sialic Contractors Corp.* (2007) 158 Cal.App.4th 47, 54 [69 Cal.Rptr.3d 633].)

■   Resolution of this case requires synthesis of two sets of statutes. Code of Civil Procedure sections 877 and 877.6 permit a party to shield itself from claims for contribution and indemnity by a joint tortfeasor when the party enters a good faith settlement. "A settlement made in good faith under sections 877 and 877.6 bars claims against the settling defendant for contribution or indemnity by other joint tortfeasors, including claims for total indemnity, partial indemnity and implied contractual indemnity. [Citations.]" (*Willdan v. Sialic Contractors Corp., supra,* 158 Cal.App.4th at p. 54.)[1]

■   The HSAA authorizes the Department to order PRP's to clean up property contaminated with hazardous substances, and then grants to the

---

[1] The statutes read, in relevant part, as follows: "Where a release, dismissal with or without prejudice, or a co[]venant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . , it shall have the following effect: [¶] . . . [¶] (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties." (Code Civ. Proc., § 877, subd. (b).) "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (*Id.*, § 877.6, subd. (c).)

PRP's who incur costs in doing so the right to seek contribution and indemnity from others who are liable for those costs. Health and Safety Code section 25363, subdivision (e) provides: "Any person who has incurred removal or remedial action costs in accordance with this chapter or the federal act may seek contribution or indemnity from any person who is liable pursuant to this chapter, except that no claim may be asserted against a person whose liability has been determined and which has been or is being, fully discharged pursuant to Section 25356.6, or against a person who is actively participating in a pending apportionment proceeding pursuant to Section 25356.6. An action to enforce a claim may be brought as a cross-complaint by any defendant in an action brought pursuant to Section 25360 or this section, or in a separate action after the person seeking contribution or indemnity has paid removal or remedial action costs in accordance with this chapter or the federal act. Any plaintiff or cross complainant seeking contribution or indemnity shall give written notice to the director upon filing an action or cross complaint under this section. In resolving claims for contribution or indemnity, the court may allocate costs among liable parties using those equitable factors which are appropriate."

■ Considering only the language of the statutes, the principles of Code of Civil Procedure sections 877 and 877.6 would apply to bar contribution and indemnity claims asserted under Health and Safety Code section 25363. As the trial court correctly explained in its minute order providing notice of the court's ruling on Fullerton's motion for determination of a good faith settlement, "[u]nder the plain language of [Health and Safety] Code section 25363[, subdivision] (a), any claim thereunder is limited to a claim for 'contribution and indemnity' and all such claims are 'equitable' in nature. Such claims are effectively identical to those claims being made by So Cal Gas Co against Fullerton, and [Union Pacific]'s claims involve damages against Fullerton which this Court would be required to consider in determining the proportionate share of liability of Fullerton."

Union Pacific argues, however, that the settlement between Fullerton and SoCal Gas cannot affect Union Pacific's right to contribution or indemnity against Fullerton with respect to costs incurred in connection with its compliance with the Department's remedial action order, because the State of California is not a party to this case. In support of this argument, Union Pacific cites *Housing Group v. Superior Court* (1994) 24 Cal.App.4th 549, 553 [29 Cal.Rptr.2d 460], for the proposition that the trial court lacked "statutory authority to consider the effect of a settlement on a defendant's potential liability for contribution or equitable indemnity regarding the claims of entities that are not before the court." This proposition is true, but inapplicable to the facts of this case.

In *Housing Group v. Superior Court*, the appellate court concluded a good faith settlement could not bar a nonsettling tortfeasor's claim for indemnity against the settling tortfeasor to the extent the indemnity claim involved a separate lawsuit brought by different plaintiffs who were not parties to the present lawsuit. (*Housing Group v. Superior Court, supra*, 24 Cal.App.4th at pp. 551–552.) To the extent any claim for contribution or indemnity is made in connection with the Department's remedial action order, an indemnity or contribution claim would be a matter of reallocating money expended by the parties to the present lawsuit. Although the Department's remedial action order would have required the parties to expend money, none of the joint tortfeasors would be seeking repayment of money paid to the Department. (We do not consider in this opinion whether contribution or indemnity claims against SoCal Gas by a PRP named in the Department's remedial action order, but which was not a party to the underlying lawsuit, would be barred by the good faith settlement between Fullerton and SoCal Gas.)

Fullerton cites three federal district court cases in support of its argument that the good faith settlement bars further statutory contribution and indemnity claims against it by any joint tortfeasors under the HSAA. (*AmeriPride Services, Inc. v. Valley Industrial Services, Inc.* (E.D.Cal., July 2, 2007, No. CIV. S-00-113-LKK JFM) 2007 U.S.Dist. Lexis 51364 (*AmeriPride*); *Bottoms v. Levin Enterprises, Inc.* (N.D.Cal., Aug. 22, 2001, No. C-99-4598 MMC) 2001 U.S.Dist. Lexis 13434 (*Bottoms*); *West County Landfill, Inc. v. Raychem Internat. Corp.* (N.D.Cal., Feb. 14, 1997, No. C93 3170 SI) 1997 U.S.Dist. Lexis 1791 (*West County*).) We agree with the reasoning and conclusions of these opinions.

In *AmeriPride*, the trial court granted a motion to approve the parties' settlement agreements as good faith settlements and to enter an order barring contribution and indemnity claims arising out of the settlement claims. (*AmeriPride, supra*, 2007 U.S.Dist. Lexis 51364 at pp. *12–*13.) "[T]he parties' settlement agreements are a good-faith effort to resolve future responsibilities between the parties and this effort should be protected by a Bar Order. Also, as to any potential non-parties to this litigation, the settlements represent a fair allocation of settlement proceeds and liabilities . . . . This is especially true in light of the additional commitment of AmeriPride in its settlement agreement with Huhtamaki to comply with Clean-Up and Abatement Order issued by the State of California in 2006, in regard to the further remediation of the contamination, reducing substantially the possibility of any shortfall created by the approval of these settlements. That being the case, applying both Section 6 of UCFA [Uniform Comparative Fault Act] and the procedural requirements of California Code of Civil Procedure Section 877.6, there is no longer any reason for this Court to delay a finding that all three settlements were entered into in good faith and that the settling parties are entitled to an order protecting them from contribution actions brought by

third parties." (*Id.* at pp. *11–*12.) "Pursuant to Section 6 of U[CF]A and Section 877.6 of the California Code of Civil Procedure, any and all claims for contribution or indemnity against the settling parties, arising out of the facts alleged in the AmeriPride Action and the Huhtamaki Action . . . , regardless of when such claims are asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to [the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (42 U.S.C. § 9601 et seq.)] or pursuant to any other federal or state statute or common law." (*Id.* at pp. *12–*13.)

In *Bottoms*, the court confirmed a good faith settlement and "confer[red] contribution protection" on the settling defendant under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). (*Bottoms, supra*, 2001 U.S.Dist. Lexis 13434 at p. *3.)

In *West County*, the court approved the parties' agreement as a good faith settlement, and entered an order barring contribution and indemnity claims against the settling defendant, whether the claims were brought pursuant to CERCLA, or any other state or federal statute. (*West County, supra*, 1997 U.S.Dist. Lexis 1791 at pp. *2–*3.) "[A]ny and all claims for contribution and/or indemnity against Shell [Oil Company], arising out of the matters asserted in this action or addressed in the Settlement Agreement, regardless of when asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA 42 U.S.C. § 9601, *et seq.*, or pursuant to other federal or state law." (*Id.* at p. *3.) Although not addressed specifically in the order regarding the good faith nature of the settlement between plaintiff West County Landfill, Inc., and defendant Shell Oil Company, other orders from that case show the plaintiff had been ordered to pay certain costs and perform certain work at the site for remediation and mitigation purposes. (*West County Landfill, Inc. v. Raychem Internat. Corp.* (N.D.Cal., July 20 1994, No. C 93-3170 SBA) 1994 U.S.Dist. Lexis 21687 p. *13.)

As Union Pacific notes, these cases do not specifically address whether claims for contribution and indemnity under the HSAA are barred by a good faith settlement. They do, however, hold that settlements providing "funding to resolve environmental issues" are in the public interest (*Bottoms, supra*, 2001 U.S.Dist. Lexis 13434 at pp. *3–*4); that claims for contribution by third parties against the settling parties regarding matters addressed in a settlement agreement, which agreement assessed and allocated response costs at a hazardous waste cleanup site, would properly be barred (*West County, supra*, 1997 U.S.Dist. Lexis 1791 at pp. *1–*3); and that all claims for indemnity and contribution against the settling parties are barred "regardless of whether they are brought pursuant to CERCLA or pursuant to any other

federal or state statute or common law" (*AmeriPride, supra*, 2007 U.S.Dist. Lexis 51364 at pp. *12–*13) where the settling tortfeasor agrees to comply with a cleanup and abatement order issued by the state "in regard to the further remediation of the contamination, reducing substantially the possibility of any shortfall created by the approval of these settlements" (*id.* at p. *11).

### DISPOSITION

The order is affirmed. Respondents to recover costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.