[No. A064080. First Dist., Div. One. Apr. 28, 1994.]

HOUSING GROUP, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
HUGH B. BREWSTER CONSULTING ENGINEERS, INC., et al., Real
Parties in Interest.

## COUNSEL

Jon-Marc Dobrin and Eugene N. Stuart III for Petitioner.

No appearance for Respondent.

Lynch, Loofbourrow, Gilardi & Grummer, Duane W. Grummer, Arif Virji and Patrick E. Catalano for Real Parties in Interest.

## OPINION

**DOSSEE, J.—**

### BACKGROUND

Petitioner, The Housing Group (THG), Hugh B. Brewster Consulting Engineers, Inc., and Hugh B. Brewster (collectively Brewster) are among many defendants in a suit brought by the Homeowners Association of the Seaview Community and other named plaintiffs (collectively Homeowners). THG filed a cross-complaint[1] which sought indemnity from Brewster not only for THG's potential liability in the Homeowners action, but also for moneys paid by THG to the "Hofstrand Plaintiffs" and the "Nutt Plaintiffs" in prior lawsuits against THG and Brewster. None of the Hofstrand and Nutt plaintiffs are parties in the Homeowners action.

In an order determining that a settlement between Homeowners and Brewster was made in good faith (Code Civ. Proc., § 877.6),[2] respondent superior court dismissed the cross-complaint. THG contends (1) respondent court erred procedurally when it ordered the dismissal in conjunction with the good faith hearing; and (2) in any case a good faith settlement is not a bar to a nonsettling tortfeasor's claim for indemnity against the settling tortfeasor where, as here, the indemnity claim concerns a separate lawsuit involving different plaintiffs.

---

[1] The pleading is styled "Second Amended Cross-Complaint." For convenience, we refer to it as simply the cross-complaint.

[2] Unless otherwise specified, further statutory references are to the Code of Civil Procedure.

We agree, and accordingly issue our peremptory writ.[3]

## DISCUSSION

■ At the outset, petitioners argue that section 877.6, subdivision (c)[4] does not authorize the superior court to dismiss claims or cross-complaints at the same time that it makes a determination concerning the good faith of a settlement. Petitioner is correct. ■ While it is true that "section 877.6 does not provide or specify a procedure whereby the rule of discharge . . . codified by subdivision (c) may be implemented as between the tortfeasor whose settlement has been determined to be in good faith and cotortfeasors who assert indemnity claims . . . other provisions of the Code of Civil Procedure provide mechanisms by which the good faith settlor may obtain dismissal of actions or cross-complaints which come within the judicial and statutory bar. One popular and entirely appropriate method is to make a motion for summary judgment under section 437c, either contemporaneous with or following the hearing determining the good faith of the settlement. . . . Another approach is a motion for judgment on the pleadings or, if the indemnity claim is not yet at issue, a general demurrer, . . . Finally, some courts have granted simple motions to dismiss cross-complaints for indemnity immediately upon determining the cross-defendant's settlement was in good faith." (*Shane* v. *Superior Court* (1984) 160 Cal.App.3d 1237, 1245-1246 [207 Cal.Rptr. 210], italics omitted; and see *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1021 [269 Cal.Rptr. 720, 791 P.2d 290].)

Thus, ". . . section 877.6 provides a procedure to determine whether a settlement has been made in good faith, but does *not* purport to confer authority to render declarations that actions or claims are 'barred' by such a settlement." (*Shane* v. *Superior Court, supra,* 160 Cal.App.3d 1237, 1246, italics in the original.) The determination of the good faith of a settlement may only be reviewed by a timely petition for writ of mandate (§ 877.6, subd. (e)). Writ review of challenges to orders dismissing cross-complaints have also been allowed (see, e.g., *Bay Development, Ltd.* v. *Superior Court, supra,* 50 Cal.3d 1012, 1021; *Shane* v. *Superior Court, supra,* 160 Cal.App.3d 1237), but such review is not compelled by section 877.6, subdivision (e). (160 Cal.App.3d at pp. 1246-1247.)

---

[3]THG's petition also challenged respondent superior court's determination of the good faith of the Homeowners/Brewster settlement. (§ 877.6, subd. (e).) Finding no merit to that contention, we issued our alternative writ solely on the question of the dismissal of THG's indemnity claims related to the Nutt and Hofstrand plaintiffs.

[4]Section 877.6, subdivision (c) provides: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

■ Here, Brewster gave no separate notice of the motion to dismiss the claims in THG's cross-complaint when it noticed the good faith hearing.[5] Respondent superior court's dismissal of the cross-complaint was included in its order determining the good faith of the settlement.

■ "[E]mployment of a distinct procedure to adjudicate the effect of a judicially determined good faith settlement upon a pending action or claim not only is procedurally necessary but also serves an important salutary function: it focuses the court's attention distinctly upon two completely different substantive questions—whether the settlement was in good faith and whether the claim sought to be dismissed is of such a nature as to be barred by a good faith settlement." (*Shane* v. *Superior Court, supra,* 160 Cal.App.3d 1237, 1246.) The need for such particularized adjudication becomes apparent in this case.

■ THG's cross-complaint states a number of claims, including its claims for indemnity against Brewster arising from *prior* actions involving the Hofstrand and Nutt plaintiffs. Respondent superior court concluded that these claims against Brewster could be dismissed pursuant to section 877.6, subdivision (c) because THG had elected to make them in the Homeowners case. Respondent erred.

THG could permissibly include its Hofstrand and Nutt indemnity claims in its cross-complaint. (§ 379.) That its pleading form was confusing does not doom THG to a dismissal of those claims. (See *Lilienthal & Fowler* v. *Superior Court* (1993) 12 Cal.App.4th 1848 [16 Cal.Rptr.2d 458].) Nothing in the record before this court indicates that Brewster made any challenge to the cross-complaint. (See, e.g., §§ 430.10, 437c, 438.)

Section 877.6, subdivision (c) only bars "any other *joint tortfeasor* or co-obligor from any further claims against the settling tortfeasor or co-obligor . . . ." (Italics added.) Brewster's settlement was with plaintiffs in the Homeowners case. That settlement could only bar claims by other joint tortfeasors as to those settling plaintiffs. The Nutt and Hofstrand plaintiffs, it is undisputed, were not parties—as plaintiffs or otherwise—to the Homeowners case.

## CONCLUSION

Let a peremptory writ of mandate issue commanding the County of Solano Superior Court in Homeowners Association of Seaview Community et al., v.

---

[5]We recognize that the text of the motion for confirmation of the good faith settlement requested dismissal of all cross-complaints for indemnification against Brewster. But this procedure violates the principles enunciated in *Shane* v. *Superior Court, supra,* and was plainly inadequate.

The Housing Group, etc., et al., (Nos. V21772, V22279, 102799, V22590), to set aside that portion of its November 23, 1993; order determining good faith settlement which purports to dismiss the portions of The Housing Group's second amended cross-complaint that make allegations and seek judgment on claims concerning the "Hofstrand Plaintiffs" and the "Nutt Plaintiffs." In all other respects, the petition for writ of mandate filed herein is denied. The stay previously imposed shall remain in effect until the remittitur issues.

Newsom, Acting P. J., and Stein, J., concurred.