[No. G016225. Fourth Dist., Div. Three. May 21, 1998.]

NORCO DELIVERY SERVICE, INC., Cross-complainant and Appellant,
v.
OWENS-CORNING FIBERGLAS, INC., Cross-defendant and Respondent.

956

**COUNSEL**

Ricks & Anderson, Cecil E. Ricks, Jr., and Annette L. Anderson for Cross-complainant and Appellant.

Porter, Groff & Lodwick, Michael W. Lodwick and Stephen C. Klausen for Cross-defendant and Respondent.

## OPINION

CROSBY, J.—Following a settlement between Owens-Corning Fiberglas. Inc., and Seaward Properties, Ltd., the plaintiff in the underlying action, the trial court made a good faith determination and barred all cross-complaints against Owens-Corning. including that of Norco Delivery Service. Inc.. under Code of Civil Procedure section 877.6. Norco challenges that good faith determination and also asserts the court, in addition to erroneously dismissing Norco's indemnity and contribution claims. improperly barred its independent, direct claims against Owens-Corning. We affirm.

I

Norco leased property in Anaheim from Seaward on which Norco had underground storage tanks to supply fuel for trucks used in its delivery business. One such tank—manufactured by Owens-Corning—was purchased by Norco in used condition in 1976. In the process of installing this tank, codefendant Wayne Perry dropped and damaged it. As a result, before Perry could complete the installation, Owens-Corning was summoned to repair the damage. It did so, and the tank was installed and in use by late 1976.

During routine pressure testing in 1986, the tank ruptured and discharged at least 2,400 gallons of diesel fuel into the contiguous subsoil. This contamination impelled remediation efforts which, in turn, imposed significant liability—approximately $300,000 worth—on the property's owner, Seaward. To recover these cleanup costs, Seaward sued Norco—whose lease agreement required it to hold Seaward harmless for liability arising from the underground storage tanks—and several other defendants, including Owens-Corning. In January 1994, after nearly five years of litigation, Seaward and Owens-Corning settled, with Owens-Corning agreeing to pay $88,000 in return for Seaward's promise to dismiss Owens-Corning.

Owens-Corning then moved for a determination under Code of Civil Procedure section 877.6 that the settlement was in good faith and an order barring all claims against it concerning this underground storage tank, including Norco's cross-complaint. Over Norco's opposition, the court granted Owens-Corning's motion, finding the settlement was in the *Tech-Bilt*[1] ballpark and was otherwise in good faith, and dismissed Norco's cross-complaint against Owens-Corning. Norco's appeal attacks this good faith finding and also charges the court erred in dismissing its direct causes

[1] *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 [213 Cal.Rptr. 256. 698 P.2d 159].

of action (rather than just its indemnity and contribution claims) against Owens-Corning.

## II

■ We first address the procedural challenges to Norco's appeal. Owens-Corning contends (1) the appeal should be dismissed because the notice of appeal essentially seeks review of the wrong order, one that does not give rise to the issues Norco raises on appeal; and (2) Norco waived its right to appeal by accepting the "fruits" of the settlement between Seaward and Owens-Corning, the validity of which it nonetheless attacks in this appeal. We disagree with both assertions.

Concerning the first, respondent notes that on April 6, 1994, the trial court heard two motions: The first was Owens-Corning's application for a good faith determination and an order barring all existing and potential claims concerning this underground storage tank; the second was Norco's motion contesting whether the settlement was in good faith.[2] The court denied Norco's motion from the bench, and its ruling was subsequently memorialized in a notice of ruling filed on April 14, 1994. The court took Owens-Corning's motion under submission, but later granted it in an order filed May 1, 1994. Norco's notice of appeal refers only to this May order. However, its appellate briefs specifically challenge the trial court's denial of its motion, which occurred no later than April 14, when the notice of ruling was entered. Thus, Owens-Corning maintains, Norco improperly addresses issues on appeal unrelated to the order from which it appealed and its appeal, therefore, should be dismissed.

Respondent's reasoning is unpersuasive. It is axiomatic that notices of appeal will be liberally construed to implement the strong public policy favoring the hearing of appeals on the merits. (*Department of Industrial Relations* v. *Nielsen Construction Co.* (1996) 51 Cal.App.4th 1016, 1023-1024 [59 Cal.Rptr.2d 785].) This policy is especially vital where the faulty

---

[2]Owens-Corning repeatedly asserts that Norco's motion to mount a good faith contest also raised the issue whether any of its claims against Owens-Corning would be barred by a good faith determination. This assertion is both counterfactual and counterintuitive. It is counterfactual in that Norco's notice of motion to contest good faith makes absolutely no mention of this issue, while Owens-Corning's motion specifically requests an order "barring all claims by cross-complainants and third parties and their insurers against Owens-Corning and . . . dismissing the complaint and cross-complaints with prejudice as against Owens-Corning." That it is counterintuitive is perhaps best summed up by a simple rhetorical question: Why would Norco move to have the court consider dismissing some or all of its claims against Owens-Corning? That Owens-Corning nonetheless persists in asserting Norco's motion raised this issue is nothing short of incredible.

notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal. (*In re Marriage of Macfarlane & Lang* (1992) 8 Cal.App.4th 247, 253 [10 Cal.Rptr.2d 157].) Norco's motion to contest good faith was simply the mirror image of Owens-Corning's application for a determination of good faith. Both motions raised the exact same issue: whether the settlement was in good faith. And there is no suggestion the notice of appeal created any confusion or otherwise caused any prejudice. Accordingly, the error provides no basis for dismissing the appeal.

■ Respondent's second assertion is Norco waived its right to appeal by accepting the fruits of the settlement. That is, following the settlement, Norco and Seaward were negotiating the possible renewal of Norco's lease of the subject property. When Norco challenged the settlement on appeal, it diminished, at least to some degree, the present value of the lease. As a consequence, Seaward made it a precondition to any lease renewal that Norco purchase the settlement for its full value of $88,000 and take an assignment of Seaward's rights and interests. And after taking an assignment of the settlement, Norco made a demand on Owens-Corning that it pay the amount promised in the settlement. But Owens-Corning refused to honor this demand.[3]

Relying upon several cases holding that "acceptance of the benefits of a judgment" constitutes a waiver, Owens-Corning proclaims the demand that it pay the settlement proceeds "beyond doubt . . . constitutes acceptance of the benefits of the . . . settlement" and is tantamount to a waiver. Case law, however, does not support this conclusion. Rather, waiver arises only where an appellant actually accepts the proceeds of a settlement or judgment, as respondent's own cases state. (See, e.g., *Schubert* v. *Reich* (1950) 36 Cal.2d 298, 299-300 [223 P.2d 242] [waiver found where appellant actually accepted respondent's payment of trial court costs]; *Trollope* v. *Jeffries* (1976) 55 Cal.App.3d 816, 822-824 [128 Cal.Rptr. 115] [actual acceptance of money from escrow waived right to appeal judgment]; *Levine* v. *Chandler* (1963) 212 Cal.App.2d 250, 252-253 [27 Cal.Rptr. 831] [appellant's actual acceptance of promissory note, together with efforts to foreclose on real property, constituted waiver].)

Indeed, before any waiver will be found, there must be an unconditional, voluntary, and absolute acceptance of the fruits of judgment. (*Schmidt* v.

---

[3]Norco objects that the motion to dismiss this appeal is based on facts, which are introduced through affidavits outside the appellate record. However, California Rules of Court, rule 41 expressly provides for the submission of evidence via affidavits to support any motion filed on appeal.

*Retirement Board* (1995) 37 Cal.App.4th 1204, 1209 [44 Cal.Rptr.2d 297].) And Norco's acceptance of the settlement here was scarcely unconditional, voluntary, and absolute. Norco only accepted assignment of the settlement because there was, in effect, a gun to its head: Seaward made Norco's purchase of the settlement a precondition to lease renewal. And although Norco initially demanded payment by Owens-Corning—which demand Owens-Corning refused—Owens-Corning admits it "has [since] tendered payment of the $88,000 but appellant has refused to accept it." There was no waiver.

### III

Norco argues substantial evidence does not support the determination the settlement was in good faith under Code of Civil Procedure section 877.6. In particular, it claims the trial court ignored the "potential" recovery against respondent (which, according to Norco, was as much as $1 million) and that Owens-Corning would be responsible for most, if not all, of these damages. Norco's assertions, however, are simply efforts to reargue evidence presented to, and rejected by, the court.

Trial courts enjoy broad discretion in determining whether a settlement was entered in good faith and within the *Tech-Bilt* ballpark, and in allocating potential liability and exposure between or among joint tortfeasors. (*North County Contractor's Assn.* v. *Touchstone Ins. Services* (1994) 27 Cal.App.4th 1085, 1091 [33 Cal.Rptr.2d 166].) This court's primary function in such an appeal is simply to assess whether the good faith determination is buttressed by any substantial evidence. (*Ibid.*)

And we believe substantial evidence supports the ruling here. For example, there was no evidence the Owens-Corning storage tank had any manufacturing or design defects, but there was evidence codefendant Wayne Perry dropped the tank and again damaged it during installation. And there also was no evidence Owens-Corning repaired the tank negligently. Moreover, further soil contamination apparently occurred after the fiberglass tank was exhumed, suggesting the source of the contamination, at least in part, was one of the other underground tanks. On these facts, an arbitrator found Owens-Corning liable for no damages. Moreover, substantial evidence indicated the total cost of remediation at the time of settlement was approximately $300,000. Given these facts, Norco's speculation that Owens-Corning's exposure "could theoretically approach or exceed one million dollars" could legitimately be discounted—or even ignored—by the trial court. (See, e.g., *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012,

1028 [269 Cal.Rptr. 720, 791 P.2d 290] [trial court properly approved $30,000 settlement where substantial evidence indicated plaintiff's $1 million claim was "grossly exaggerated"].) Accordingly, we conclude the good faith determination finds substantial record support.

IV

Finally, Norco argues the court erred in dismissing its cross-complaint against Owens-Corning for two reasons: first, because Owens-Corning did not employ a proper procedural mechanism for this dismissal and, second, because the court dismissed its direct or independent causes of action. We disagree with both assertions.

Norco declares that, while Code of Civil Procedure section 877.6 authorizes dismissal of cross-complaints for indemnity upon a finding a settlement was in good faith, it provides no procedure for such dismissals. Relying upon *Housing Group* v. *Superior Court* (1994) 24 Cal.App.4th 549 [29 Cal.Rptr.2d 460] and *Shane* v. *Superior Court* (1984) 160 Cal.App.3d 1237 [207 Cal.Rptr. 210], Norco asserts a dismissal following a section 877.6 finding of good faith may only be accomplished under some other recognized procedural mechanism for disposing of claims, like the ones pertaining to demurrers, motions to strike, or summary judgment. Because no such procedural mechanism was invoked here, the court lacked authority to dismiss its cross-complaint.[4] Norco also declares Owens-Corning's motion for good faith determination was improper because it did not attach a copy of the underlying settlement for review by the court and opposing counsel.

Norco did not raise these assertions below, however; and "[i]ssues not presented to the trial court are waived on appeal . . . ." (*Robinson* v. *Grossman* (1997) 57 Cal.App.4th 634, 648 [67 Cal.Rptr.2d 380].) Moreover, and in any event, whether *Housing Group* and *Shane* even apply here is far from settled. Both cases questioned the effect of good faith determinations upon claims in other litigation not before the respective courts. (*Housing Group* v. *Superior Court*, supra, 24 Cal.App.4th at p. 553; *Shane* v. *Superior Court*, supra, 160 Cal.App.3d at pp. 1239-1240.) Those are not our facts.

Additionally, *Housing Group* and *Shane* were decided by the First and Second Districts, respectively. What procedural devices actuate section 877.6's dismissal provisions, however, is an issue not yet decided by this

[4]Owens-Corning attempts to demonstrate its good faith motion and the motion to dismiss Norco's cross-complaint were decided by separate procedural mechanisms by arguing that Norco raised the issue of dismissal in its own motion contesting good faith. As we noted above (see fn. 2, *ante*) this argument is both counterfactual and counterintuitive.

court; and the rule set forth in *Housing Group* and *Shane* has not enjoyed unmitigated approbation. (See, e.g., *Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 830 [239 Cal.Rptr. 846] [following good faith determination, court may, on its own motion, dismiss cross-claims]; *Hale* v. *Laden* (1986) 178 Cal.App.3d 668, 673 [224 Cal.Rptr. 182] [same].)[5]

Finally, Norco maintains the trial court erred by barring its "direct" or "independent" causes of action against Owens-Corning. In other words, even if the trial court properly dismissed Norco's indemnity and contribution claims under Code of Civil Procedure section 877.6, it erred by also dismissing appellant's direct causes of action, which seek (among other things) to recover alleged remediation costs for which Norco—and not Seaward—was liable.[6] We disagree.

Following a good faith determination, the judge doubtless may dismiss disguised or artfully pleaded claims for indemnity or contribution—i.e., causes of action purporting to state direct claims but which, in fact, seek only to recover derivative damages. (*Cal-Jones Properties* v. *Evans Pacific Corp.* (1989) 216 Cal.App.3d 324, 327-328 [264 Cal.Rptr. 737].) But Norco, even after five years of litigation, failed to adduce any evidence of other-than-derivative damages.[7] Once Owens-Corning made a prima facie showing of good faith, it became incumbent upon Norco, the party opposing the good faith determination, to produce *evidence* establishing it had direct causes of action. (See, e.g., *City of Grand Terrace* v. *Superior Court* (1987) 192 Cal.App.3d 1251, 1261-1262 [238 Cal.Rptr. 119] [nonsettling defendant challenging good faith settlement bears the burden of adducing evidence the settlement was not in good faith under *Tech-Bilt*].) And Norco's failure to adduce any such evidence is dispositive.

---

[5]Owens-Corning distinguishes *Shane* by arguing the trial court, in addition to purporting to dismiss a claim pending in another court, over which the trial court had no jurisdiction, also dismissed the nonsettling defendant's cross-complaint in the action before it. And "[i]t is critical to recognize," Owens-Corning emphatically proclaims, that the appellate court did "*not vacate the dismissal of the nonsettling tortfeasor's cross-complaint*" in the action before the trial court. (Italics in original.) Owens-Corning's argument might be persuasive if factually correct. But it is not. The trial court in *Shane* did not dismiss the cross-complaint of the nonsettling defendant (Shane) in the action before it, because no such cross-complaint (by Shane) was ever filed in that action.

[6]Norco notes that it initially filed a petition for writ of mandate on this issue. In denying the writ, we declared, "It appears the trial court erred in dismissing those causes of action unrelated to indemnity and contribution. Nevertheless, it also appears petitioners have an adequate remedy at law by way of appeal."

[7]The only other "evidence" of any alleged direct damages was Norco's counsel's speculation that it might "theoretically" incur as much as $1 million in direct damages. However, Norco failed to present even an iota of evidence to support this unadorned conjecture.

The judgment is affirmed. Respondent shall have costs.

Wallin, Acting P. J., and Sonenshine, J., concurred.