Filed 9/15/14  Fort v. JP Morgan Chase Bank CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIE FORT et al., | |
| Plaintiffs and Appellants, | E056053 |
| v. | (Super.Ct.No. CIVRS1100197) |
| JP MORGAN CHASE BANK, N.A. et al., | **OPINION** |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed with directions.

Willie Fort and Freddie M. Fort, Plaintiffs and Appellants in pro. per.

Clark & Associates, Jeffrey A. Clark, S. Christopher Yoo, and Candace B. Lee for Defendants and Respondents JP Morgan Chase Bank, N.A. and Jamie Dimon.

Murphy, Pearson, Bradley & Feeney, John P. Girarde, and Jason E. Fellner for Defendants and Respondents Naiman Law Group, P.C. and Randall D. Naiman.

1

Plaintiffs Willie Fort and Freddie M. Fort, husband and wife, owned a house in Rancho Cucamonga. In 2010, the house was nonjudicially foreclosed upon and sold. The Forts, in propria persona, then filed this action asserting 19 causes of action against various defendants allegedly involved in the foreclosure.

One set of defendants demurred, generally, and specially. The trial court sustained the demurrers — with leave to amend as to some causes of action, and without leave to amend as to other causes of action. When the Forts failed to file an amended complaint, the trial court entered a judgment of dismissal.

The Forts appeal. They contend that they stated a cause of action to set aside the trustee's sale. They also contend that the trial court erred by denying them discovery. We will conclude that they have not shown that the trial court erred. Hence, we will affirm.

I

PROCEDURAL BACKGROUND

The operative complaint is the first amended complaint. In that complaint, the named defendants included: (1) JP Morgan Chase Bank N.A. (Morgan)[1] and Jamie Dimon (Dimon)[2] (collectively the Morgan defendants); and (2) the Naiman Law Group and Randall D. Naiman (collectively the Naiman defendants).[3]

---

[1]    Chase Home Finance LLC (Chase) was also named as a defendant. However, according to Morgan, while the case was pending, Morgan merged with Chase.

[2]    Dimon's party status is not entirely clear.

*[footnote continued on next page]*

The operative complaint listed 19 causes of action:

1. Declaratory relief.

2. An injunction.

3. Violation of the Home Ownership Equity Protection Act. (15 U.S.C. § 1639 et seq.)

---

*[footnote continued from previous page]*

The Morgan defendants claim that Dimon was never served. The record, however, reflects a proof of service on him, by substituted service. It also reflects that Morgan's attorneys filed various documents in the names of both Morgan and Dimon, including a case management conference statement, notices of ruling, oppositions to motions to compel discovery, an opposition to a motion to recuse, and a memorandum of costs. Thus, it appears that Dimon may have been served, but even if not, he may have made a general appearance.

The critical demurrer was brought solely by Morgan. Nevertheless, at the hearing on the demurrer, Morgan's counsel entered an appearance for Dimon. The eventual judgment of dismissal dismissed "the above-captioned action," seemingly as to all remaining defendants. The register of actions lists Dimon as "dismiss[ed]."

Finally, despite their claim that Dimon was never served, Morgan's attorneys filed their respondent's brief in this appeal on behalf of both Morgan and Dimon. We conclude that Dimon is a respondent in this appeal.

[3]     The operative complaint also named as defendants Quality Loan Service Corp. (Quality), EMC Mortgage Corporation (EMC), and Atlas Real Estates [*sic*] (Atlas). Later, however, the Forts voluntarily dismissed EMC and Atlas.

Quality filed a declaration of nonmonetary status, which meant that it disclaimed any involvement in the action other than as trustee, and it agreed to be bound by any judgment. (Civ. Code, § 2924*l*.) Thereafter, the Forts took Quality's default (even though it would appear that this was improper). (See *id*., subds. (d), (f).)

Thus, these three defendants are not parties to this appeal.

4.  Violation of the Real Estate Settlement Procedures Act.  (12 U.S.C. § 2601 et seq.)

5.  Violation of the Truth in Lending Act.  (15 U.S.C. § 1601 et seq.)

6.  Violation of the Fair Credit Reporting Act.  (15 U.S.C. § 1681 et seq.)

7.  Fraud.

8.  Breach of fiduciary duty.

9.  Unjust enrichment.

10.  Civil conspiracy.

11.  Violation of the Racketeer Influenced and Corrupt Practices Act (RICO).  (18 U.S.C. § 1961 et seq.)

12.  To set aside trustee's sale.

13.  To quiet title.[4]

14.  Unfair competition.  (Bus. & Prof. Code, § 17200.)

15.  Wrongful foreclosure.

16.  Usury.

17.  Predatory lending.

18.  Violation of the Fair Debt Collection Practices Act.  (15 U.S.C. § 1692 et seq.)

19.  Slander of title.

---

**4**   This, at least, is our best guess at the gist of this cause of action, based on the relief prayed for.

Morgan filed a general and special demurrer to all causes of action. The Forts did not file any opposition to the demurrer. The trial court sustained the demurrer as to some causes of action without leave to amend, and as to the remaining causes of action with 30 days' leave to amend.

Within the 30 days, the Forts filed a document entitled "'Objection' to Court's Request to Amend First Amended Complaint and to Add Addendum of Fraud." (Capitalization altered.) However, the Forts have never claimed, below or in this appeal, that this document constituted an amended complaint.

After the 30 days had run, Morgan filed a motion to dismiss on the ground that the Forts had failed to file a timely amended complaint.

The Forts did not file any opposition to the motion to dismiss. They did appear at the hearing on the motion, and they conceded that they had not filed an amended complaint: "[W]e just haven't had the time to get it done. A lot of things going on in our family. So, if you want to give us 30 days to do the amend, we will try to get it done. Otherwise, we have nothing further to say."

The trial court granted the motion to dismiss and entered a judgment of dismissal.

II

THE NOTICE OF APPEAL

Preliminarily, the Morgan defendants contend that the notice of appeal did not adequately specify the judgment or order appealed from.

5

A.    *Additional Factual and Procedural Background.*

On February 16, 2012, the trial court entered the order dismissing the action with prejudice.

On April 5, 2012, the Forts filed a notice of appeal stating that they were appealing from a "[j]udgment after court trial" entered on February 16, 2012.

On May 17, 2012, the trial court entered an "Amended . . . Judgment" (capitalization altered), awarding Morgan attorney fees.

B.    *Analysis.*

A notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).)  "It is axiomatic that notices of appeal will be liberally construed to implement the strong public policy favoring the hearing of appeals on the merits.  [Citation.]  This policy is especially vital where the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal.  [Citation.]" (*Norco Delivery Service, Inc. v. Owens-Corning Fiberglas* (1998) 64 Cal.App.4th 955, 960-961.)

Here, the notice of appeal specified a judgment entered on February 16, 2012.  On February 16, 2012, the trial court did one and only one thing — it entered the order of dismissal.  Although entitled an order, the order of dismissal was, in substance, an appealable judgment.  (Code Civ. Proc., § 581d; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 80, fn. 2.)  Accordingly, it was abundantly clear exactly what judgment or order was being appealed.

6

Of course, it would have been even clearer if the Forts had checked the box for "[j]udgment of dismissal after an order sustaining a demurrer" rather than "[j]udgment after court trial." Even so, there was no room for confusion.

The Morgan defendants point out that thereafter, the trial court entered an amended judgment, which included a fee award. Nevertheless, the appealable judgment was still the February 16, 2012 judgment of dismissal. "It is well settled . . . that '[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.' [Citations.]" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) Even assuming, hypothetically, that the May 17, 2012 judgment *was* the sole appealable order, we would treat the notice of appeal as a premature but nevertheless valid appeal from that judgment. (See Cal. Rules of Court, rule 8.104(d)(2).)

The Morgan defendants also point to the Forts' Civil Case Information Statement (CCIS). The CCIS stated that the judgment or order appealed from had been entered on April 5, 2012 (which was actually the date of the notice of appeal). However, it also stated that notice of entry of the judgment had been served on February 16, 2012. Thus, it was clear that February 16, 2012 was involved somehow. In any event, while it is arguable that a CCIS could clarify an ambiguous notice of appeal and thus make it sufficient, a CCIS cannot detract from the sufficiency of a notice of appeal that is already clear.

Finally, the Morgan defendants claim they were prejudiced because they did not know what documents they should include in the record; supposedly, they did not even know what arguments they should make in their brief. This is disingenuous. Even assuming they really did not know what documents they should designate for inclusion in the record, they were not prejudiced because they could have filed a request to augment the record once this became clear. And certainly, once the Forts filed their opening brief, it was clear beyond dispute that they were appealing from the judgment entered pursuant to the demurrer. Despite the Morgan defendants' claim that they did not know what arguments it should make, they did manage to argue that the demurrer was properly sustained.

We therefore conclude that the notice of appeal was adequate.

III

THE ORDER SUSTAINING THE DEMURRER

The Forts contend that the trial court erred by sustaining the demurrer. They claim that they stated a cause of action to set aside the trustee's sale. They do not discuss any of their other 18 causes of action. We therefore deem those causes of action abandoned. (*Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 108 & fn. 9.)

A.     *Additional Factual and Procedural Background*.

Morgan demurred to the cause of action to set aside the trustee's sale both generally and specially. The general demurrer was on the ground that the exhibits to the operative complaint affirmatively demonstrated that the trustee's sale was proper. The

8

special demurrer was on the ground that the cause of action was uncertain, ambiguous, and unintelligible.

The trial court sustained the demurrer to this cause of action *with* leave to amend. It then dismissed this cause of action after the Forts failed to file a timely amended complaint.

B. *Analysis*.

Preliminarily, the Morgan defendants' *only* response is that, after the trial court sustained the demurrer with leave to amend, the Forts failed to amend, and therefore the trial court properly dismissed the action. This begs the question, however, of whether the trial court properly sustained the demurrer in the first place. "When a demurrer is sustained with leave to amend, and the plaintiff chooses not to amend but to stand on the complaint, an appeal from the ensuing dismissal order may challenge the validity of the intermediate ruling sustaining the demurrer. [Citation.]" (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 312.)

On the other hand, the Forts' *only* argument as to why the general demurrer was improperly sustained is that the substituted trustee lacked standing to foreclose, in that (1) the substitution violated the applicable pooling and servicing agreement (see *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1096), and (2) the substitution was "robo-signed" (i.e., forged and/or false).

9

However, the Forts never *cite* any portion of their *complaint* that alleges *any* of these facts.[5] An appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to be forfeited. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407.) That is particularly true when a complaint is as prolix and disorganized as the one in this case.[6]

We also note that the Forts do not argue that the *special* demurrer was improperly sustained. Accordingly, they have forfeited any such argument. (*Lui v. City and County of San Francisco* (2012) 211 Cal.App.4th 962, 970-971, fn. 7.) We can uphold the order sustaining the demurrer on this ground alone.

---

[5] The Forts do cite page 187 of the clerk's transcript as showing that "the loan that is the subject of this litigation was serialized [*sic*; sc. "securitized"] and sold under a pooling and servicing agreement."

Page 187 is an exhibit to the operative complaint. It mentions a pooling and servicing agreement, but it does not show that the Forts' loan was ever subject to that agreement. In any event, the mere fact that a loan is subject to a pooling and servicing agreement is insufficient to invalidate a foreclosure. (*Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 472-474; cf. *Glaski v. Bank of America*, *supra*, 218 Cal.App.4th at pp. 1093-1098.)

[6] At oral argument, the Forts requested judicial notice of unspecified materials, asserting that they would show that the Morgan defendants had engaged in assorted improper activities, including robo-signing. That request is hereby denied.

We therefore conclude that the Forts have not shown that the trial court erred by sustaining the demurrer.

IV

DISCOVERY

The Forts also contend that the trial court erroneously denied them discovery.

A.    *Additional Factual and Procedural Background*.

The Forts filed a "Motion to Compel Discovery and Request for Sanctions." (Capitalization altered.)  In it, they complained about Morgan's[7] alleged failure to respond to requests for admission, interrogatories, and requests for production of documents.  The motion, however, did not include any memorandum of points and authorities, nor did it include any evidence (aside from one unauthenticated letter).

Morgan filed an opposition as well as a supplemental opposition to the motion. The Forts, however, have not included these in the appellate record.

The trial court denied the motion.  It stated, "Frankly, I think that the motion is inappropriate, let alone unnecessary.  It's clear to me that the discovery responses, in fact, were not only served but timely served."  It also stated, "Plaintiffs['] motion hasn't been brought under California rules . . . ."  It imposed $270 in sanctions against the Forts.

---

[7]    Actually, the motion referred to "[d]efendants'" failure to respond to discovery, but it is clear that it involved only Morgan.  The Naiman defendants had already filed a SLAPP motion (See Part V, *post*), so they were no longer subject to discovery.  (Code Civ. Proc., § 425.16, subd. (g).)

B.	*Analysis*.

The Forts argue that they needed discovery because "discovery . . . would have enabled [them] to set forth a more comprehensive factual complaint." But as OK Go has musically remarked, "Needing is one thing/And getting, getting's another." (*Needing/Getting*, OK Go (2012).) To obtain discovery, a litigant has to follow statutory procedures.

Here, the trial court could properly deny the motion to compel for at least three reasons: (1) It was not in the requisite form. (Cal. Rules of Court, rule 3.1113(a).) (2) It did not include any evidence. (3) It asserted that Morgan had failed to respond to discovery at all, yet Morgan proved that it had responded; if the Forts felt the responses were inadequate, they had to bring a motion to compel further responses, and that would have required both a separate statement (Cal. Rules of Court, rule 3.1345(a)) and a "meet and confer" declaration (Code Civ. Proc., §§ 2030.300, subd. (b), 2031.310, subd. (b)(2), 2033.290, subd. (b)), which their motion did not include.

We therefore conclude that the trial court did not improperly deny discovery.

V

THE NAIMAN DEFENDANTS

The Naiman defendants contend that the trial court properly awarded them attorney fees. Moreover, they request an award of attorney fees on appeal.

12

A. *Additional Factual and Procedural Background.*

The Naimans filed a special motion to strike pursuant to Code of Civil Procedure section 425.16 (SLAPP motion). On September 13, 2011, the trial court entered an order granting the SLAPP motion.

The Naiman defendants then filed a motion for attorney fees. On December 7, 2011, the trial court granted the motion and awarded the Naiman defendants $9,105.

As already discussed (see part II, *ante*), the Forts appealed exclusively from the judgment of dismissal entered on February 16, 2012.

In this court, the Naiman defendants filed a motion to dismiss the appeal, solely as to the order granting the SLAPP motion. They represented to us that the Forts were attempting to appeal, not only from the judgment of dismissal, but also from (1) the order granting the SLAPP motion and (2) the order awarding attorney fees. They noted that, as to the order granting the SLAPP motion, the Forts had not filed a timely notice of appeal. They also noted that they were not "challeng[ing]" the appeal from the order awarding attorney fees.

The Forts then filed an "Opposition" noting that the order granting the SLAPP motion "did not end the case" and that they had filed a timely appeal from the judgment of dismissal.

We granted the Naiman defendants' motion to dismiss the appeal as to the order granting the SLAPP motion. We noted, however, that the "Naiman [defendants]

13

correctly concede[] that the appeal may proceed as to the attorney fee award in [their] favor . . . ."

Thereafter, the Forts filed their opening brief. That made it clear (if it was not clear already) that they were not raising any issue as to the order awarding attorney fees.

Nevertheless, the Naiman defendants have filed a respondent's brief arguing that the trial court properly awarded them attorney fees and requesting an award of attorney fees on appeal.

B.    *Analysis*.

We have no occasion to address the propriety of the trial court's order awarding attorney fees because the Forts never appealed from that order. "[W]here several judgments and/or orders occurring close in time are separately appealable . . . , *each* appealable judgment and order must be *expressly specified* — in either a single notice of appeal or multiple notices of appeal — in order to be reviewable on appeal. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 3:119.1, and cases cited.) As we discussed in part II, *ante*, the Forts appealed solely from the February 16, 2012 judgment of dismissal.

As prevailing defendants on a SLAPP motion, the Naiman defendants are entitled to recover attorney fees and costs as a matter of law. (Code Civ. Proc., § 425.16, subd. (c)(1).) We leave it up to the trial court, on remand, to determine what amount of attorney fees, if any, is reasonable. (See Eisenberg et al., *supra*, ¶ 14:117.1a.)

14

## VI

## DISPOSITION

The judgment is affirmed.  The Morgan defendants and the Naiman defendants are awarded costs on appeal against the Forts.  The Naiman defendants are awarded attorney fees on appeal against the Forts.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

15