Filed 10/21/15  In re K.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re K.M. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.M. et al.,<br><br>    Defendants and Appellants. | E063023<br><br>(Super.Ct.No. RIJ1100622)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Jacqueline C. Jackson, Judge.  Affirmed in part; reversed in part with directions.

Sharon S. Rollo, under appointment by the Court of Appeal, for Defendant and Appellant S.M.

Linda Rehm, under appointment by the Court of Appeal, for Defendant and Appellant K.M.

1

Gregory P. Priamos, County Counsel, Anna M. Marchand, Deputy County Counsel, for Plaintiff and Respondent.

S.M. (Mother) and K.M. (Father) filed multiple petitions for modification of existing orders in the dependency and guardianship proceedings concerning their three children, Ki., Ke. and Ka. The juvenile court denied each petition without a hearing, and the parents appeal. We will reverse the judgment entered on January 9, 2015, and remand the cause for a hearing on the petition filed on January 5, 2015. We will otherwise affirm the judgments appealed from.

PROCEDURAL AND FACTUAL HISTORY

The lengthy history of this case has been described in detail in prior appeals.[1] For purposes of this appeal, a brief summary suffices.

Ke. and his older brother, Ki., were adjudged juvenile court dependents in Riverside County under a petition pursuant to Welfare and Institutions Code section 300,[2] which alleged that both children had suffered serious physical abuse by their parents. A third sibling, Ka., was born to the parents after dependency proceedings were initiated as to Ki. and Ke. Ka. was removed from the parents' custody at birth and was later adopted. (See generally *In re K.M.* (Oct. 22, 2014, E059994) [nonpub. opn].)

---

[1] On our own motion, we have taken judicial notice of the records in related case Nos. E056706, E057540, E058604, E059994 and E060804.

[2] All further statutory citations refer to the Welfare and Institutions Code.

2

At a review hearing as to Ki. and Ke. held on July 18, 2012, the juvenile court found that although the parents had been provided services for nearly three years, they had made only minimal progress toward alleviating the cause of the dependency and had not benefitted from the services. The court found that the parents had exceeded the statutory time limit for reunification services and denied further services. The court set a section 366.26 hearing to establish a permanent plan for the boys.

On February 26, 2014, the juvenile court established a legal guardianship for Ki. and terminated dependency jurisdiction as to him. (*In re K.M.* (Nov. 26, 2014, E060804) [nonpub. opn].)

On March 12, 2013, the juvenile court established a legal guardianship for Ke., and ordered visits between Ke. and his parents to be "reasonable and as directed by the legal guardian."[3] The court then terminated dependency jurisdiction as to Ke.

On January 5, 2015, the parents filed a petition pursuant to section 388, seeking modification of the visitation order as to Ke.[4] In that petition, the parents alleged as changed circumstances that they had called Ke.'s guardian on multiple occasions, but that despite the existing visitation order, the guardian refused to allow them to speak to Ke. or

___

[3] Mother challenged this order in her appeal in case No. E058604. She argued that the order improperly delegates discretion over every aspect of visitation to the legal guardian. We found the issue forfeited because she did not object to the order in the juvenile court. (*In re K.M.* (E058604, Apr. 28. 2014) [nonpub. opn.].)

[4] The record on appeal also contains two section 388 petitions that predate the January 5, 2015 petition. The order denying the January 5, 2015 petition is the earliest order as to which the notices of appeal, filed March 5, 2015, are timely. The parties raise no issue pertaining to the earlier section 388 petitions. Accordingly, we omit any discussion of the earlier petitions.

3

to arrange a visit between Ke. and his parents. They asked for a "more specific" visitation order. They alleged that the requested modification would be in Ke.'s best interest because it would allow Ke. and his parents "to communicate and have a bond that would be benefitting both child and parents." On January 9, 2015, the juvenile court summarily denied the petition, stating that the proposed change did not promote the best interest of the child.

On February 3, 2015, the parents filed a petition to modify the order terminating parental rights as to Ka. They asserted that the "seizure" of Ka. violated the child's Fourth Amendment rights and the parents' Fourteenth Amendment rights. On the same date, the parents filed a section 388 petition seeking to overturn the guardianship orders as to Ki. and Ke. This petition also alleged violation of the children's Fourth Amendment rights and the parents' Fourteenth Amendment rights. On February 19, 2015, the juvenile court summarily denied both petitions, stating that the proposed modification did not promote the best interest of the children.

On February 11, 2015, the parents filed a section 388 petition seeking to overturn the order terminating parental rights as to Ka. and Ke.[5] The petition again alleged violation of the children's Fourth Amendment rights and the parents' Fourteenth Amendment rights. On February 26, 2015, the juvenile court summarily denied the petition, stating that the proposed modification did not promote the best interest of the children.

---

[5] Parental rights were not terminated as to Ke.

On March 5, 2015, the parents filed notices of appeal.

LEGAL ANALYSIS

SUMMARY DENIAL OF THE SECTION 388 PETITION FILED ON

JANUARY 5, 2015, WAS AN ABUSE OF DISCRETION

*Sufficiency of the Notices of Appeal.*

The only issue the parents raise on appeal is the denial of their petition, filed on January 5, 2015, and denied on January 9, 2015. This petition sought modification of the visitation order as to Ke. County counsel argues that the appeal should be dismissed because the notices of appeal do not refer to the January 9, 2015 order. The parents contend that we should construe their notices of appeal liberally, to include every order as to which the notices of appeal were timely. This includes the January 9, 2015 order.

To be sufficient, a notice of appeal must identify the judgment or order appealed from. We are required to construe a notice of appeal liberally and must find it sufficient if we can reasonably determine the judgment or order appealed from. (Cal. Rules of Court, rule 8.405(a)(3).) Here, the notices of appeal specify the date of the order appealed from: "on or about [February] 19" 2015 or "on or about [February] 19 -20" 2015. They also describe the possible issues on appeal as violations of the children's Fourth Amendment rights and the parents' Fourteenth Amendment rights and inadequate representation by their lawyers by virtue of the lawyers' failure to present the constitutional violations. The constitutional issues were raised in the section 388 petitions filed on February 3, 2015, as to Ke. and Ki. and in the section 388 petition filed on February 11, 2015, as to Ka. and Ke. The February 3 petitions were denied on

5

February 19, 2015.  Thus, the notices of appeal clearly identify the orders appealed from. The notices of appeal do not refer to an order filed on or about January 9, 2015, and they do not refer to any issue concerning the visitation order as to Ke.  Nevertheless, we will stretch the limits of liberal construction and deem the notices of appeal to include the January 9, 2015 order.  We deem it appropriate to do so because of the fundamental nature of the interests involved in cases involving parent-child relationships and because, having had the opportunity to brief the issue on its merits, respondent will suffer no prejudice as a result.  (See *Norco Delivery Service*, *Inc. v. Owens-Corning Fiberglas*, *Inc.* (1998) 64 Cal.App.4th 955, 960-961 [notice may be liberally construed in favor of appeal where "the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal"].)

*Denial of the Petition for Failure to Make a Prima Facie Showing That the Modification Would Promote Ke.'s Best Interest Was an Abuse of Discretion.*

Under section 388, a parent may petition to change or set aside a prior order "upon grounds of change of circumstance or new evidence." (§ 388, subd. (a)(1).)  The juvenile court shall order a hearing where "it appears that the best interests of the child . . . may be promoted" by the new order.  (§ 388, subd. (d).)  Thus, the parent must sufficiently allege both a change in circumstances or new evidence and the promotion of the child's best interests.  (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.)  A prima facie case requiring a hearing is made if the allegations demonstrate that these two elements are supported by probable cause.  (*Ibid.*)  It is not made if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing.  (*Ibid.*)  "While the petition must

6

be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests." (*Ibid.*) Mere conclusory statements as to either prong do not suffice: "If a petitioner could get by with general, conclusory allegations, there would be no need for an initial determination by the juvenile court about whether an evidentiary hearing was warranted. In such circumstances, the decision to grant a hearing on a section 388 petition would be nothing more than a pointless formality." (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.)

We review a juvenile court's decision to deny a section 388 petition without a hearing for abuse of discretion. (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1158.)

The gist of the January 5, 2015 section 388 petition is that despite the existing order that the parents were to be afforded visitation that was "reasonable and as directed by the legal guardian," the guardian had refused to permit any visitation without justification. It is arguable that this does not constitute a change in circumstances and that the parents might more appropriately have brought a motion to compel the guardian to comply with the existing order, and if the juvenile court had denied the petition on that basis, we would not find that it was an abuse of discretion. The juvenile court, however, did not check the box on the order form indicating that it was denying the petition because the parents failed to make a prima facie showing of changed circumstances. Rather, the sole basis for denying the petition stated on the order is that the proposed change of order would not promote the best interest of the child. Implicitly, then, the court found that the petition made a prima facie showing of changed circumstances. The

7

question, therefore, is whether it was an abuse of discretion to conclude that the parents did not make a prima facie showing that the order they sought would promote Ke.'s best interest.

A decision is an abuse of discretion if it exceeds the bounds of reason. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) Here, the decision does exceed the bounds of reason because it directly contradicts, without any evidentiary basis, the court's prior implicit finding that visitation *would* promote Ke.'s best interest. As Father points out, section 366.26, subdivision (c)(4)(C), provides that upon establishing a guardianship, the court "shall also make an order for visitation with the parents . . . unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." Here, the court's prior order for reasonable visitation at the discretion of the guardian reflects an implicit finding that visitation would not be detrimental to Ke. and would therefore promote Ke.'s best interest. There was no evidence submitted with or in opposition to the section 388 petition that would afford a rational basis for changing that conclusion. The petition expressly stated that a visitation order was in place, and that the guardian was flouting it. This allegation, if proven, would have warranted a "more specific" visitation order, as the parents requested in their petition. Accordingly, denying the petition summarily was an abuse of discretion. (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1157.)

DISPOSITION

The judgment entered on January 9, 2015, is reversed. The juvenile court is directed to hold a hearing on the parents' petition pursuant to section 388, filed January 5, 2015, within 30 days after the finality of this opinion.

The judgments appealed from are otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

9