Filed 4/26/23  Walker v. Jones CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RICHARD WALKER, | B306560 |
| Respondent, | (Los Angeles County Super. Ct. No. 18CMFL00763) |
| v. | |
| MICHELLE JONES, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Armando Duron, Judge Pro Tempore. Affirmed.

Law Offices of Anne Dowden Saxton, Anne Dowden Saxton and Travis Poteat, for Appellant.

Law Office of Margaret Reyes and Margaret Reyes for Respondent.

## INTRODUCTION

Richard Walker and Michelle Jones resolved a marital dissolution proceeding by entering into a stipulated judgment. After entry of the stipulated judgment, a dispute arose regarding the net proceeds from the sale of their family home (the property). The stipulated judgment provided the net proceeds from the sale would be divided equally. During the sale transaction, however, it was discovered there were several outstanding liens on the property. As relevant to this appeal, Jones contended a lien on the property for a debt she owed to the Employment Development Department in the amount of $14,128.58 (the EDD debt) was a community property debt, and therefore, the debt should be paid equally by the parties from the proceeds of the sale. Walker countered the EDD debt was Jones's separate property debt; thus, he argued, it was improper for the community to pay the debt from the proceeds of the sale. The trial court agreed with Walker, and ordered Jones to reimburse Walker for half of the EDD debt. Jones's sole contention on appeal is the trial court erred by finding the EDD debt was Jones's separate property. Because Jones failed to meet her burden on appeal to affirmatively demonstrate error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jones and Walker were married on December 29, 2015 and separated on September 10, 2018. The parties entered into a settlement agreement, which was entered as a judgment of the court on October 30, 2019 (the stipulated judgment). Regarding the sale of the property, the stipulated judgment provided as follows: the net proceeds from the sale of the property will be divided equally; each party will pay half of the delinquent

property taxes (to be paid from proceeds of the sale of the property); and Jones shall pay the delinquent mortgage (except one-third or up to $3,000 to be paid from Walker's share of the home proceeds). It further provided: "If either party fails to cooperate in the listing or sale of the property then the aggrieved party may on Ex Parte request the Court Clerk to sign any necessary documents."

The following month, Jones filed an ex parte request for order based on Walker's failure to sign closing documents for the sale of the property. In response, Walker filed a declaration explaining he is not opposed to the sale of the property, but based on his position that the EDD debt is Jones's separate property, he does not want "[Escrow] to pay to the lienholders monies that is meant to be community propert[y] . . . especially since [Jones] neither disclose[d] [n]or took responsibility [for] paying for these debts." After a hearing, the court requested Walker sign the closing documents so the sale of the property would go through and the EDD debt would be paid from the proceeds of the sale.[1] The court explained: "[T]he problem is that if this sale does not go through, then I expect the buyers will sue you. So the only way to mitigate the damages . . . is to allow the sale to go through at this time and figure out what it is, if anything, that your former wife owes you from this."

After the sale of the property closed, on January 8, 2020, the trial court held a hearing on an accounting of the proceeds from the sale. As relevant here, the trial court held: "[T]he [EDD]

---

[1]    The court asked Walker whether he was willing to sign the closing documents, or whether Walker wanted the court to order the clerk to sign the documents. Walker responded that he would sign.

3

debt was disclosed, but it was specifically disclosed [by Jones] as [her] separate property debt [¶] . . .[¶] It was specifically listed on page 4 of the schedule of assets . . . . It was not alleged to have been a community property debt. It was disclosed as a separate property, [Jones's] separate property . . . . So she disclosed it, yes, but as her separate property and, therefore, the court finds that the debt was all [Jones's] debt, and she owes [Walker] $7,064.29 which represents half of that debt."[2] On February 21, 2020, the trial court signed a "Findings and Order after Hearing" (the FOAH) reflecting its ruling. Jones appeals from the FOAH.

## DISCUSSION

As a threshold matter, we first address Walker's contention that this appeal should be dismissed based on a technical defect in the notice of appeal. In her opening brief, Jones's counsel concedes she "inadvertently checked the wrong box" on the notice of appeal by checking the box for an "order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)" rather than checking the box for an order *after* judgment. The notice of appeal correctly

_____

2    We deny Jones's motion to augment the record to include the Schedule of Assets and Debts (referenced by the trial court) and her motion to file it under seal. The form states: "**THIS FORM SHOULD NOT BE FILED WITH THE COURT**." The only relevant portion of this document on appeal is where Jones marked her EDD debt as her separate property. Neither party contests the trial court's finding that Jones disclosed the EDD debt as her separate property. She did so by placing the letter "R" (meaning Respondent) next to the line on that schedule referencing the EDD debt. Thus, it is unnecessary to file the document. We also deny as unnecessary her motion to augment the record to include her Declaration of Disclosure and Income and Expense Declaration.

4

states, however, that Jones is appealing from an order dated February 21, 2020. Walker does not argue any other order was filed on that date. Nor does he argue he was prejudiced by the error. We therefore liberally construe the notice to apply to the FOAH. (See, e.g., *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960-961 ["It is axiomatic that notices of appeal will be liberally construed to implement the strong public policy favoring the hearing of appeals on the merits. [Citation.] This policy is especially vital where the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal"].)

Turning to the merits of the appeal, Jones contends the trial court erred by finding the EDD debt was Jones's separate property because (1) the EDD debt was incurred primarily during marriage; and (2) there was no writing indicating a clear and unambiguous intent to transform the community debt into Jones's separate debt. These arguments miss the point, however. As discussed above, the trial court based its finding regarding the characterization of the EDD debt on the fact Jones specifically disclosed the debt as her separate property before entering into the settlement agreement. Relying on this disclosure, the stipulated judgment makes no mention of the EDD debt. Under Family Code section 2556, a "party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment." Thus, under Family Code section 2556, Jones could have: (1) argued the EDD debt was not adjudicated; and (2) submitted evidence demonstrating the debt was community property despite her designation of the debt as separate property. So far as we can determine on the record

5

before us, however, Jones failed to do so. We therefore conclude the trial court did not err by finding the EDD debt was Jones's separate property based on Jones's own admission in her schedule of assets and debts, and the absence of any documentary evidence to the contrary. (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].)

We reject Jones's argument that there was "ample evidence and testimony" demonstrating her disclosure of the EDD debt as her separate property was "possib[ly]" a "scrivener's error." The only evidence Jones presented in the trial court was her testimony that a *portion* of the debt was incurred during marriage[3] and that she wrote the years "2015-2017" next to the EDD debt on the schedule of assets and debt form. Jones failed to direct us to – and we could not locate – any documentary evidence in the record (i.e., an EDD statement) showing the dates she incurred the EDD debt. Thus, even assuming Jones's designation of the EDD debt was a "scrivener's error," Jones failed to present evidence from which the trial court could determine which portion of the debt was incurred during marriage. Moreover, the record is devoid of evidence regarding whether the community received the benefit of the overpayment from the EDD. (See *In re Marriage of Bell* (1996) 49 Cal.App.4th 300, 310 [finding the money wife paid to her employer to settle an action arising out of her embezzlement of funds from her employer during marriage was community property debt where

---

3    Jones testified the "overpayment" from the EDD began in 2015, before she was married, and continued until 2017.

"there was uncontradicted testimony that the community received the benefit of the embezzlement" and "it was clear that all the embezzled funds had been put to community, and not separate, use"].) Jones, therefore, has not demonstrated the trial court erred by finding the EDD debt was her separate property. (*People v. Sanghera, supra*, 139 Cal.App.4th at p. 1573.)

Finally, we reject Jones's argument that Walker expressly waived reimbursement of the EDD debt in the stipulated judgment. The stipulated judgment provides various waivers under the heading "WAIVERS AND RELEASES," including "[c]laims from Petitioner to Respondent or from Respondent to Petitioner in connection with the division of community property . . . ." As noted above, the EDD debt was not mentioned in the stipulated judgment, and Jones disclosed the debt as her separate property. Jones did not argue the EDD debt was community property until *after* the parties entered into the stipulated judgment. Walker could not, therefore, have waived his right to counter an argument made by Jones for the first time after entry of the stipulated judgment.

Accordingly, we conclude that, on this record, the trial court did not err by finding the EDD debt was Jones's separate property debt. Because the EDD debt was paid from the community proceeds of the sale of the property, the court properly ordered Jones to reimburse Walker for half of the EDD debt.

# DISPOSITION

The order is affirmed. Walker is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORT**

CURREY, Acting P.J.

We concur:


COLLINS, J.


DAUM, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.